## LEEDS *against* THE MECHANICS' INSURANCE COMPANY.

A policy of insurance upon a vessel for twelve months, although in the printed part of it, a clause is contained appropriate to a voyage policy continuing the risk until the vessel be safely arrived and moored twenty-four hours in safety, but specifying no *terminus ad quem*, is a time policy.

Where a general agent of an insurance company is authorized to receive applications for insurance to be submitted to the office of the company for approval, with power to make the applications binding until the company's disapproval is communicated to the assured, an agreement made by him to extend a policy of the company not disapproved by it, is valid.

This was an action upon a policy of insurance for $2000 upon the brig Tremont. It was on the third day of October, 1843, issued by the defendant, a corporation existing at Newark, New Jersey, through L. Gregory, its agent in the city of New York. By the written parts of the policy the insurance was specified to be "*for and during the term of twelve calendar months, commencing on the fifth day of October,* 1843, *at noon, warranted not to use ports in Texas: each passage subject to its own average, free of average under seven and one-half per cent.*" The printed portion of the policy continued as follows: " Beginning the adventure

upon the said vessel, tackle, apparel, &c., at and from as aforesaid, and so shall continue and endure and until the said vessel be safely arrived as aforesaid, and until she may be moored twenty-four hours in good safety."

The trial took place at the New York circuit, in February, 1848, held by Mr. Justice STRONG. The plaintiff gave in evidence the policy and proved the loss of the brig on a reef off Point Alderlow, on the 7th of October, 1844, upon a passage from Havana to Boston, commenced September 12, 1844, and rested.

The counsel for the defendant then moved for a nonsuit upon the ground that the policy expired on the fifth day of October, 1844, at noon, and the brig was not lost until the 7th of October. The counsel for the plaintiff insisted that by the terms of the policy the vessel was protected for the term of twelve calendar months from October 5, 1843, at noon, and until she had been moored in good safety, and that the policy was in force at the time of the loss. The court, however, ruled that the policy expired on the 5th of October, 1844, at noon.

The plaintiff then proved, that shortly before the first of October, 1844, the plaintiff's agent applied to Mr. Gregory, the agent of the defendant, to continue the policy until the arrival of the vessel at Boston. He objected that the company did not take vessels on time, but upon its being suggested that it should feel itself bound to bring the vessel into port, he assented to its propriety, and agreed that the company should bring the vessel into port. The policy was then left with him and he returned it with an endorsement as follows:

" It is agreed that this policy shall continue until the arrival of the vessel at Boston, from Cuba on her present voyage: *pro rata* premium to be paid for the time used after the 5th instant at noon. New York, Oct. 1, 1844.

L. GREGORY, Agent."

The plaintiff's counsel then rested.

The defendant then proved that when applied to for a continuance of the, insurance, Gregory at first declined, saying he did not think he had authority, but that he would write and get permission from the company to extend the policy: that upon its being suggested that that was un-necesary as he had full power, he signed the extension reluctantly. It was further shown that Gregory had been the agent, in New York, of the defendant from 1840: that in April, 1844, on becoming the president of an insurance company in New York, the defendant's president addressed a letter to him requesting him to decline to insure on any vessels until further instructed from the company: that at a meeting of the board of diretors of the defendant on the fifth day of June, 1844, upon a statement that Mr. Gregory had been appointed president of a New York insurance company, and that another person had been recommended to fill his place, a committee was appointed with power to make such arrangement in regard to the agency as they should deem advisable; and that at another regular meet-ing of the board of directors on the 7th of August, 1844, the committee reported that they had had an interview with Mr. Gregory, " which resulted in an understanding that no new policies should be issued by him, and that the agency should be closed up as expeditiously as circumstances would permit: * * * that Mr. Gregory may receive appli-cations for insurance and reinsurance to be submitted to this office for approval. * * * Mr. Gregory may make these applications binding until our disapproval is communicated to the assured." The defendant then rested.

The court thereupon decided that the plaintiff could not maintain his action, by reason of the termination of the policy and the want of authority of Gregory to renew it, and charged the jury that the defendant was entitled to their verdict, which was given accordingly. The supreme court affirmed the judgment entered thereon, and the plaintiff appealed to this court.

Sel. IV—.45

*M. S. Bidwell*, for appellant. There was evidence upon which the jury might find a verdict for the plaintiff. The original policy covered the vessel not only for twelve calendar months from the fifth day of October, 1843, but also to the end of any voyage which she might then be prosecuting, *and until she should be moored twenty-four hours in good safety*. A policy of insurance is to be construed liberally in favor of the assured. (1 *Duer on Ins.* 161.)

There is no difficulty in reconciling and giving full effect to all the provisions of the policy, including that which continues the insurance until the vessel shall be moored for twenty-four hours in good safety. Full effect can be given to this clause as well as to that which makes the insurance for twelve months. There is no inconsistency between them. The one insures for twelve months absolutely—the other continues the insurance, upon a certain contingency, for a longer period. The policy contemplated successive voyages or passages during the continuance of the insurance, for it expressly declared that " *each passage shall be subject to its own average.*" The printed parts of the policy stand as well as those which are written, unless they are inconsistent with each other, and then the printed parts yield to the extent only that they conflict. (*N. Y. Ins. Co.* v. *Thomas*, 3 *John. Ca.* 1, 3, 4; *Mumford* v. *Hallett*, 1 *J. R.* 439.)

It was evidently intended that if the vessel should be in port at the end of twelve months, the policy should then terminate; if at sea, it should continue until she should arrive in port, and be moored for twenty-four hours in good safety. If this had not been the intention, the latter provision would have been struck out.

The defendants well knew the contents of this printed form, prepared carefully by themselves and used daily in their business; and such a clause was too plain and too important to be misunderstood or overlooked. There is no pretence that it was left in by mistake. Being inten-

Leeds *against* The Mechanics' Insurance Company.

tionally retained, and not being necessarily inconsistent with any other parts of the agreement, effect should be given to it.

There is an obvious reason for such a provision, because, without it, if a vessel had sailed for a port before the end of twelve months, and had not been heard from afterwards, there would have been no legal rule to determine whether the loss happened within the time covered by the policy or not. The clause was necessary to provide for this contingency.

II. At all events, the plaintiff was entitled to recover, because the loss happened within the time during which the policy was continued, by the agreement made by Mr. Gregory the company's agent. Mr. Gregory had authority to make the application to continue the insurance binding on the defendant.

*D. Lord*, for respondent.

I. The policy being on time, terminated on the 5th October, 1845, at noon, unless continued by a new agreement. This results from the express language of the policy, describing the term of insurance, always a *written* clause. The phrase in the *printed* policy, " until the vessel be safely arrived at as aforesaid, and until she be moored," &c., has reference to insurances terminating at a place, and not to insurances terminating by lapse of time. The written governs the printed language. (4 *East. R.* 130, *Robertson* v. *French*; 2 *Wash. C. C. R.* 52, *Coster* v. *Phœnix Ins. Co.*; 1 *Phillips' Ins.* 54.)

II. The extension which the plaintiff's agent prevailed on Gregory to write on the policy was unauthorized, and the plaintiff had sufficient notice of it. The defendant's letter of April 4, 1844, to Gregory was a withdrawal of authority to insure vessels, and a prohibition to him to do so. It was within the ordinary powers of a president to give such

orders and instructions, and the proceedings of the defendant's directors, of August 7, 1844, fully confirmed the withdrawal of the agency.

·MASON, J., delivered the opinion of the court. There are three classes of contracts for marine insurance, known as voyage policies, time policies and mixed policies. A *voyage* policy limits the risk from the port at which the risk commences to that to which the vessel is destined, as from London to Buenos Ayres; a *time* policy limits the risk by a certain period of time, as a month or year; a mixed policy combines the characteristics of both a voyage and a time policy, as where the vessel is insured for six months and at and from London to Buenos Ayres. The original policy in this case is a time policy, having no reference to any *terminus a quo* or *ad quem* to give it any features of a voyage or mixed policy. (1 *Arnould on Ins.*, 332 *and* 333.) The clause in the printed part of the policy in relation to the continuance of the protection until the vessel " be moored twenty-four-hours in good safety," does not convert it into a voyage or mixed policy. The parties have by very clear language in the written part of the policy declared its character, and unless we give the printed portions superior significance contrary to all settled rules of construing such instruments, we must infer that the parties made the contract to endure for the time specified in it. (1 *Arnould on Ins.*, 80; *Robertson* v. *French*, 4 *East*, 130; 3 *Kent Com.* 26.) This policy expired on the 5th of October, 1834, and the vessel was not wrecked until the seventh of that month. The plaintiff can not therefore recover under the original policy.

The question then arises, was the agreement made by Mr. Gregory to extend it until the vessel should arrive at Boston valid and binding. If Gregory had authority from the defendant to continue such policies the company was bound by it. I think he had such authority. It is true that the letter written to him on the fourth of April would

Leeds *against* The Mechanics' Insurauce Company.

imply a revocation of his authority to insure until further instructions should be given to him. But it appears from the defendants' books that the committee to whom the matter of his agency had been referred had made a different arrangement with him, and had authorized him to receive applications for insurance and reinsurance to be submitted to the office for approval, and that "*he may make these applications binding until their disapproval is communicated to the assured.*" Gregory received the plaintiff's application for the extension of the policy on the first day of October, 1844, and made a contract to extend it binding upon the defendants from that date, and before he had communicated it to the defendant the vessel was wrecked. The case of *Perkins* v. *The Washington Ins. Co.*, (4 *Cow.* 645,) determines the defendants' liability. The judgment of the supreme court should be reversed and a new trial ordered.

All the judges except Judge Willard concurred with Judge Marvin. WILLARD, J., dissented, and was in favor of an affirmance of the judgment.

Judgment reversed and new trial ordered.