LEEDS *against* THE MECHANICS' INSURANCE COMPANY
OF NEWARK.

*Insurance; construction of policy; authority of
agent.*

THIS was an action upon a policy of insurance, made
by the defendants (a corporation created by the state
of New Jersey, and transacting business in the city of
New York by an agency in the latter city) upon the
brig Tremont, "*for and during the term of twelve calen-
dar months, commencing on the fifth day of October,*
1843, *at noon, each passage subject to its own average :*
\* \* \* beginning the adventure at and from as afore-
said, and so shall continue and endure, until the said
vessel be safely arrived at as aforesaid, and until she be
moored twenty-and-four hours in good safety." The
words in the above extract from the policy which are
italicised, were in writing, the other words were printed.

The policy was originally procured through the
agency of L. Gregory, who acted as agent for the de-
fendants in New York. It was proved that in April,
1844, Mr. Gregory was written to by the president of
the insurance company, who referred to the fact of Mr.
Gregory's having been elected president of a new insur-
ance company, and said, "I infer from the nature of
the appointment that any business that you may here-
after do, as our agent, must be in reinsurances," and
directing him "to decline to insure on any vessels until
further instructions."

A committee, which had been previously appointed,
with power "to make such arrangements with regard to
Mr. Gregory's agency as they should deem advisable,"
submitted a report to the board of directors, on the
7th of August, 1844, in which it was stated that they
had had interviews with Mr. Gregory, which resulted in

an understanding that no new policies of insurance should be issued by him, and that the agency be closed up as soon as circumstances would permit. Also, "that Mr. Gregory may receive applications for insurance, to be submitted to this office for approval, and may make these applications binding until our disapproval is communicated to the insured." This report was entered in the minutes of the board.

On the first day of October, 1844, application was made to Mr. Gregory, by Mr. Walsh, in behalf of the plaintiff, to continue the insurance until the arrival of the vessel. Mr. Gregory at first declined, stating that he did not think he had authority, but would write to the company and get their permission to extend it. Mr. Walsh said it was not necessary for him to write, as he thought he had full power to extend it. Mr. Gregory finally said he would do it, and indorsed upon the policy the following memorandum : "It is agreed that this policy shall continue until the arrival of the vessel at Boston from Cuba, on her present voyage ; *pro rata* premium to be paid for time used after the 5th October instant, at noon. New York, 1st Oct., 1844. L. Gregory, agent."

Mr. Walsh had, in the month of June previous, applied to this company to extend a policy on another vessel, and received a letter in reply, stating : "You are aware that this company, some time ago, discontinued writing on vessels, and we have since declined all applications of that kind. We must therefore decline renewing the policy on ship Monument, or extending the time beyond the expiration of the present policy." This policy was one which emanated directly from the company, and not through the agency of Mr. Gregory.

Mr. Gregory entered the extended risk on the Tremont in the books of his agency, but neglected, in consequence of other engagements, to communicate it immediately to the company. The vessel was lost on the

7th of October, before her arrival at Boston, on the voyage from Cuba.

The plaintiff was nonsuited in the court below, on the ground that the original policy was a time, and not a voyage or mixed policy, and expired on the 5th of October. That the written words controlled those that were printed. Also that Gregory had not authority to extend it.

The Court of Appeals concurred with the Supreme Court in the construction of the policy; but held that the extension of it by Gregory was binding on the company, and on that ground ordered a new trial.

(S. C., 8 N. Y. 351.)